Fontaine v. The State.

## FONTAINE v. THE STATE.

1. CRIMINAL LAW. *Lottery tickets. Sale of many but one offense if they be attached.* Where three lottery tickets are sold to one person at one time, and are attached by the paper on which they were printed, this constitutes but one selling, and will support but one indictment.

2. SAME. *Practice.* Where the defendant, by *agreement*, submitted several cases for the same offense, and was found guilty in one, without it appearing of record in which case he was found guilty, he cannot object to the judgment being affirmed for uncertainty, since it was occasioned by his own agreement to submit them all at the same time. The court say, however, when several indictments are tried together, the jury should discriminate by numbers on the docket in their verdicts, and the court should see that it is done.

Fontaine v. The State.

3. SAME. *Same. Jury waived. Competency of.* The court say: We think it was competent for the defendant to waive the intervention of a jury.

See France *v.* The State, *ante.*

FROM SHELBY.

Appeal from the Criminal Court. JNO. R. FLIPPIN, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

L. B. HORRIGAN for FONTAINE.

BURTON, Sp. J., delivered the opinion of the court.

The grand jury found three several indictments against the plaintiff in error for selling a lottery ticket. By consent the three cases were all submitted to the court together, a jury trial being waived.

The State's witnesses proved that he could not state the number of tickets he purchased. He stated, however, that he never purchased lottery tickets of the defendant only on the one occasion, and the tickets he bought were all attached together by the paper on which they were printed. Witness gave thirty or forty dollars for the lot of tickets. The court found the defendant guilty in one case, and not guilty in two cases.

We are of opinion that the transaction made but one sale, and that it could not be split up so as to support three several prosecutions. But it is already stated that the three several indictments were submitted to the court together.

The court found him guilty in one case, and inflicted the statutory penalty upon him for a sale of lottery tickets, and clearly he was entitled to his discharge in the two other cases. It is said here, however, that we cannot affirm the judgment because it is wholly uncertain from the record on which one of the indictments he was convicted. This uncertainty was brought about by his own agreement to submit them at the same time, and we cannot allow him to complain of it. Had the indictments been tried in succession he could have plead the first conviction, and the court, as it was, gave him substantially the benefit of that defense. We repeat here, however, what has been said more than once from the bench, that when several indictments are tried together, the juries should discriminate by numbers on the docket of the cases in their verdicts, and the court should see that it is done.

We are all of opinion that it was competent for the defendant to waive the intervention of a jury.

The remaining objections are disposed of in the case of *France* v. *The State*, submitted with this.

Let the judgment be affirmed, and remand the case that the court may carry out its sentence.